UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TRAVIS WILLIAMS,

                Plaintiff.                            **AMENDED COMPLAINT**

   -against-

THE CITY OF NEW YORK, POLICE                     13-CV-1612(CBA)(RML)
OFFICER JAVIER MUNOZ, POLICE
OFFICER STANLEY KYLE, and POLICE
SERGEANT WILLIAM HALL and
POLICE OFFICER JOHN DOES,
Individually and in their Official Capacities,

                Defendants.
-------------------------------------------------------x

      Plaintiff, TRAVIS WILLIAMS, by and through his attorneys, **Fisher, Byrialsen & Kreizer, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

      1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and POLICE OFFICER JAVIER MUNOZ, POLICE OFFICER STANLEY KYLE, POLICE SERGEANT WILLIAM HALL, POLICE OFFICER JOHN DOES, as Officers of the New York City Police Department, acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1985 and 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

1

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## NOTICE OF CLAIM

6. Plaintiff Travis Williams filed a Notice of Claim on April 4, 2012, with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

7. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

8. At all times relevant hereto Plaintiff Travis Williams was and is a citizen of the United States and was residing in Brooklyn, New York at the time of the incident.

9. At all times relevant hereto defendant The City of New York (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

10. At all times relevant to this action, Defendants Police Officer Javier Munoz, Police Officer Stanley Kyle, Police Sergeant William Hall, and Police Officers John Does are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, Defendants, Police Officer Javier Munoz, Police Officer Stanley Kyle, Police Sergeant William Hall, and Police Officers John Does were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

12. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD. They are being sued both in their individual and official capacity.

## **FACTS**

13. On February 1, 2012, at approximately 7:00 p.m., Plaintiff was playing basketball at Highland Park in Brooklyn, NY.

14. After he finished playing basketball, the other participants left the park and plaintiff sat down on a bench nearby to make a phone call.

15. While Plaintiff was on the phone, he was approached by undercover NYPD officers in an unmarked police car.

16. Plaintiff was not doing anything illegal or suspicious at the time.

17. Defendants asked Plaintiff what he was doing and he advised the officers that he had been playing basketball.

18. The officer proceeded to question why he was wearing a leather jacket if he had been playing basketball and plaintiff explained that he was wearing the jacket simply because it was cold outside.

19. The defendant officer retorted "You're getting smart with me, now you have to go to jail." The officer then proceeded to exit the vehicle, grabbed Plaintiff and told him to put his hands behind his back.

20. Plaintiff advised the officers that he was unable to put his hands behind his back because of the manner in which the officers were holding him.

21. The officers then proceeded to spray plaintiff in the face with pepper spray and beat him with their batons about his legs until he fell to the ground.

22. Additional officers arrived on the scene and Plaintiff was moved into a police vehicle and transported to the 75th precinct.

23. After being held at the precinct for many hours, Plaintiff was transported by

ambulance to Brookdale Hospital.

24. Plaintiff received pain medication and remained at the hospital for approximately 2.5 hours.

25. Plaintiff was transported back to the 75th precinct, where he remained until the following day.

26. Plaintiff was eventually taken to Central Booking where he was detained for approximately 48 hours before he was arraigned.

27. Plaintiff was arraigned on charges of Attempted Tampering with Physical Evidence, Obstructing Governmental Administration in the Second Degree and Resisting Arrest.

28. Plaintiff was released on his own recognizance.

29. Follow up medical treatment regarding Plaintiff's leg and knee pain revealed a tear in his right meniscus, which required arthroscopic surgery and physical therapy.

30. Plaintiff's prosecution continued until his case was dismissed and sealed on November 14, 2012.

31. On or about April 4, 2012 and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff was served upon NYC.

32. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

33. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

34. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

35. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

36. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

40. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

41. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

42. The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

43. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

44. As a result of the excessive force and brutality, Plaintiff sustained substantial pain and injury to lip, body and knee, and he has endured serious emotional and psychological distress.

45. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable for said damage.

## THIRD CLAIM FOR RELIEF:
## ASSAULT AND BATTERY

46. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47. By the aforementioned actions, the Defendants did inflict assault and battery upon the Plaintiff. The acts and conduct of the Defendant Police Officers were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

48. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, mental anguish, costs, and expenses and

were otherwise damaged and injured.

49. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF: FALSE ARREST

50. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

52. As a result of his false arrest, Plaintiff was subjected to humiliation, mental anguish, ridicule, and disgrace and was deprived of his liberty. Plaintiff was discredited in the minds of many members of the community.

53. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF: FALSE IMPRISONMENT

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs

with the same force and effect as though fully stated herein.

55. As a result of his false imprisonment, Plaintiff was subjected to humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty. Plaintiff was discredited in the minds of many members of the community.

56. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the United States Constitution and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### SIXTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

58. Defendant police officers engaged in extreme and outrageous conduct beyond all possible bounds of decency when they beat harassed and threatened Plaintiff.

59. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiff.

60. The Defendant officers' outrageous conduct did inflict severe distress upon Plaintiff, which caused Plaintiff to suffer anxiety and mental anguish.

61. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**MALICIOUS PROSECUTION**

62.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

63.   By the actions described above the defendants maliciously and without probable cause, prosecuted the Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated her statutory and common law right as guaranteed by the laws and constitution of the State of New York.

64.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

65. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the United States Constitution and the Defendants are liable said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**SEVENTH CLAIM FOR RELIEF:
MUNICIPAL LIABILITY**

66. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

67. The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

68. Prior to February 1, 2012, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which

10

caused the violation of Plaintiff's rights.

69. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

70. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

71. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

72. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

74. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

75. Defendants, collectively and individually, while acting under color of state law, were

directly and actively involved in violating the constitutional rights of Plaintiff.

76. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

77. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

78. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c. To be protected against violations of his civil and constitutional rights;

    d. Not to have cruel and unusual punishment imposed upon him; and

    e. To receive equal protection under the law.

### SIXTH CLAIM FOR RELIEF:
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### UNDER 42 U.S.C. § 1983, 1985, 1986

79. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

80. All the defendants, acting with each other individually and on behalf of and under the auspices and control of the City, and under color of law, conspired to injure plaintiff in his person and property and deprive plaintiff of his First, Fourth, Fifth and Fourteenth Amendment rights. The defendants jointly caused such deprivation of rights by acting in concert to disseminate false information concerning the plaintiff and by disseminating false information that lacked any reasonable basis or probable cause to support it that the plaintiff committed a crime, and/or to charge him with a crime, and/or to arrest him.

81. The defendants further deprived the plaintiff of his due process rights specifically by conspiring to and assisting in the arrest of the plaintiff without probable cause and participating in the prosecution of plaintiff; by denying the plaintiff his First, Fourth, Fifth and Fourteenth Amendment rights via a conspiracy to deprive the plaintiff of his liberty and taking his property without due process and compensation; conspiring together to cover up the misconduct they committed; and preventing the plaintiff from being compensated for his wrongful arrest, for the loss of his constitutional rights, the loss of his job and for the emotional harm he incurred.

82. The aforesaid actions by the defendant police officers were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, excessive force and prosecution of individuals who were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

83. The defendants' failure to stop these wrongful acts and actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

84. The defendants knew or should have known that the misconduct and false and fabricated accusations and/or charges against plaintiff were violative of his First, Fourth, Fifth

and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiff's fundamental rights under the Constitution.

85. Said defendants had the power to prevent the continued due process violations against the plaintiff, yet had failed to prevent the dissemination of false information and/or to dismiss the fabricated accusations and charges against plaintiff, and/or to protect the plaintiff from the unwarranted and potential harm and penalties of said charges.

86. Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive plaintiff of his federal civil and constitutional rights, in violation of 42 U.S.C. § 1985.

87. All of the aforementioned acts of Defendants constituted a violation of Plaintiff's civil rights provided to him under the United States Constitution and 42 U.S.C. § 1983, 1985, and 1986.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED: New York, New York
September 6, 2013

                                                Respectfully submitted,

                                                        /s/

                                              _____
                                              Alissa Boshnack, Esq. (AB0977)

                                              Fisher, Byrialsen & Kreizer, PLLC
                                              *Attorney for Plaintiff*
                                              291 Broadway, Suite 709
                                              New York, New York 10007
                                              (212) 962-0848